FILED
MAR 0 8 2018
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SPIRIT MONKEY, LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> IMAGESTUFF.COM, INC., § <br> d/b/a SCHOOL LIFE, § <br> § <br> Defendant. § | Case No. 5:17-CV-00048-OLG (HJB) |

## STIPULATION AND ORDER

WHEREAS, on January 24, 2017, Spirit Monkey filed a Complaint against School Life in an action pending in U.S. District Court for the Western District of Texas, designated Civ. Action No. 5:17-CV-00048-OLG (HJB) (the "Action") alleging, among other claims, infringement of U.S. Patent No. 9,196,174 ("the '174 Patent") by School Life's "PatchTag" product, infringement of Spirit Monkey's alleged "Spirit Stick" trademark, and infringement of Spirit Monkey's alleged trade dress;

WHEREAS, on April 11, 2017, Spirit Monkey filed an Amended Complaint against School Life ("the Amended Complaint");

WHEREAS, on October 4, 2017, Spirit Monkey filed a Second Amended Complaint against School Life ("the Second Amended Complaint");

WHEREAS, the Second Amended Complaint alleged, among other claims, infringement of the '174 Patent, infringement of Spirit Monkey's alleged "Spirit Stick" trademark, and infringement of Spirit Monkey's alleged trade dress (the claims, demands, allegations and prayers for relief of the Action, the Amended Complaint and the Second Amended Complaint are hereinafter referred to as the "Lawsuit Claims");

1

WHEREAS, School Life filed an Answer to the Second Amended Complaint denying validity, enforceability and infringement and denying liability for the Lawsuit Claims; and

WHEREAS, the Parties have engaged in discovery in this case; and

WHEREAS, the Parties desire to completely resolve their disputes according to the terms and conditions of this Agreement, and Order.

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the Parties, and the Court ORDERS, as follows.

1. This Court has jurisdiction and venue over the parties and subject matter of this action.

2. School Life admits the '174 Patent is valid and enforceable.

3. School Life admits that its current "PatchTags" products are covered by the '174 patent.

4. School Life shall not infringe the '174 Patent and shall desist of and from any infringement by ceasing to make, sell, or offer to sell the stick products, identified as "PatchTags" and such as shown in the Second Amended Complaint (see, e.g., ¶66, 69, 70 thereof) (the "Accused Products"). The restrictions contained in this Paragraph shall expire at the end of the term of the '174 Patent or if the '174 Patent is found by the USPTO (or any tribunal thereof) or a court of competent jurisdiction to be invalid and/or unenforceable, however, School Life agrees to and shall not initiate or participate in, directly or indirectly, a challenge to the validity or enforceability of the '174 Patent.

5. Examples of embroidered and/or unembroidered products which do not violate Paragraph 4 shall include, but shall not necessarily be limited to, the products shown in Exhibits A and B, attached hereto.

6. In the event that School Life makes a new product after the effective date of this

Agreement, nothing in this Agreement shall preclude School Life from raising any defense of non-infringement of a new product that is more than a colorable difference from the "PatchTags" products and "Spirit Sticks" products sold prior to the date of this Agreement.

7. Defendant shall mark the bags containing its products with the manufacturing country of origin of those products, whether in or outside the United States.

8. School Life may sell its existing inventory of any Accused Products falling within the restrictions contained in Paragraph 2 at School Life's ordinary and customary pricing for discontinued merchandise by no later than March 31, 2018 without any use of the "Spirit Sticks" trademark.

9. School Life will destroy any inventory of Accused Products remaining after March 31, 2018.

10. Trademark Registration No. 4, 326,600 for SPIRIT STICKS is valid. School Life shall not use the "Spirit Stick" mark on or in connection with the advertisement and sale of its PatchTag products. To the extent any such reference may exist, School Life shall remove such reference to the "Spirit Stick" mark from its website and sales materials.

11. Defendant shall notify any customer or purchaser requesting or ordering "Spirit Sticks" products that it does not sell "Spirit Sticks" products.

12. Regarding Spirit Monkey's trade dress claim, arising from elements identified as:

    (1) those color combinations (the "Color Combinations"), and

    (2) those words and phrases (the "Words and Phrases") shown in columns labeled "Spirit Monkey Original Artwork" on pages 9- 17 of the Second Amended Complaint (both elements of which comprise Spirit Monkey's "Asserted Trade Dress");

13. School Life agrees to not to advertise, make, sell or offer to sell Accused

Products that include Plaintiff's Asserted Trade Dress, but nothing herein shall restrict School Life from making, using or selling products that include merely one, but not both, elements of the Asserted Trade Dress.

14. In other words, by way of illustration, but without limitation, nothing herein shall restrict School Life from making, using or selling products that include the Color Combinations but that do not include the Words and Phrases, and nothing herein shall restrict School Life from making, using or selling products that include the Words and Phrases but do not include the Color Combinations.

15. Examples of embroidered and/or unembroidered products which do not violate Plaintiff's alleged trade dress rights shall include, but shall not necessarily be limited to, the products shown in Exhibits A and B, attached hereto.

16. In consideration of the foregoing, Spirit Monkey covenants not to sue School Life, its successors, assigns, agents, officers, directors, subsidiaries, affiliates, employees, and attorneys for the Lawsuit Claims and any and all actions, claims, causes of action, demands, expenses or damages, whether asserted or unasserted, known or unknown, of whatever kind, nature and/or description which accrued prior to the date of this Stipulation and Order.

17. School Life will pay Spirit Monkey the sum of $45,000.00.

18. In the event of any dispute relating to this Agreement or any breach of this Agreement by either party, the prevailing party shall be awarded all reasonable costs and attorney fees and expenses incurred in connection with any dispute, action, proceeding or suit to enforce the terms of this Agreement and all damages, injunctive relief and other relief provided at law.

19. The Clerk is instructed to close this action.

20. Each party shall bear its own costs and fees.

21. The Parties waive any right of appeal from this Order.

22. The Court retains jurisdiction over the Parties to enforce the terms of this Order on motion of either Party.

**IT IS SO ORDERED.**

Signed this ____ day of March, 2018.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM:

/s/ Charles W. Hanor

Charles W. Hanor
Texas Bar No. 08928800
Hanor Law Firm, PC
750 Rittiman Road
San Antonio, TX 78209
Tel.: (210) 829-2002
Fax: (210) 829-2001
chanor@hanor.com

ATTORNEY FOR PLAINTIFF

_____

/s/Jonathan D. Jay
Jonathan D. Jay
MN Bar No. 18603X
*Pro Hac Vice*
Hellmuth & Johnson, PLLC
8050 West 78th Street Edina,
MN 55439
Tel.: (952) 941-4005
Fax: (952) 941-2337

jjay@hjlawfirm.com

AND-

Paul D. Huckabay
TX Bar No. 24032326
Adami, Shuffield, Scheihing & Burns, P.C.
9311 San Pedro, Suite 900
San Antonio, TX 78216
Tel.: (210) 344-0500
Fax: (210) 344-7228
phuckabay@adamilaw.com

ATTORNEYS FOR DEFENDANT